UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>)<br>)<br>KATHLEEN LAWS GARRETT  ) | 2:13-CR-21<br>JUDGE JORDAN |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, KATHLEEN LAWS GARRETT and the defendant's attorney, William Louis Ricker, have agreed upon the following:

1. The defendant will plead guilty to the following count in the indictment:

   **Case Number 2:13-CR-21, Count 1:** Obstructing justice by attempting to retaliate against a witness in an official proceeding, in violation of 18 U.S.C. § 1513(b)(1).

   The maximum penalty to which the defendant will be exposed by virtue of her guilty plea is a term of imprisonment of not more than twenty (20) years' imprisonment; a fine of up to $250,000; a term of supervised release of not more than three (3) years; and a mandatory assessment of $100.00.

2. In consideration of the defendant's guilty pleas, the United States agrees to move the Court at the time of sentencing to dismiss any remaining counts against the defendant in the indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. The defendant is pleading guilty

because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crime(s) must be proved beyond a reasonable doubt:

   a) The defendant knowingly engaged in, threatened to engage in, or attempted to engage in conduct which would or did cause bodily injury to another person or the tangible property of another person; and

   b) The defendant engaged in or attempted to engage in this conduct with the intent to retaliate against a person for their attendance as a witness or party, or for witness testimony given, or for the production by a witness of a record, document, or object in an official proceeding.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

   a) The defendant admits that between the dates of February 21 – 26, 2013, while her son, co-defendant Clayton Carroll Owenby, was incarcerated in the Greene County, Tennessee, jail, which is located in the Eastern District of Tennessee, on other pending federal charges, she received numerous phone calls from co-defendant Owenby wherein the defendant made threats to "take out" or otherwise physically retaliate against TBI Special Agent Matthew H. Thompson due to S.A. Thompson's position as case agent in the other pending federal charges against co-defendant Owenby.

b) The defendant admits that at all times relevant to Case Number 2:13-CR-21, TBI S.A. Matthew H. Thompson was the TBI case agent involved in the investigation of and charges placed against co-defendant Owenby in U.S. District Court for the Eastern District of Tennessee, Case Number 2:12-CR-118. The defendant further admits that she knew that Thompson had participated as a witness in official proceedings concerning co-defendant Owenby.

c) The defendant admits that on or about February 22, 2013, co-defendant Owenby told the defendant that TBI S.A. Matthew H. Thompson "need[s] to be took [sic] care of, you know what I'm saying." The defendant thereafter responded "yeah."

d) The defendant admits that on or about February 22, 2013, co-defendant Owenby told her that "if I'm gonna do life in prison, then I'm gonna be all over the fucking nationwide news for taking these son of bitches out. So you do what you have to do." The defendant admits that in response, she told co-defendant Owenby "they need to be taken out," to which the co-defendant Owenby responded "you damn right they do."

e) The defendant admits that on or about February 22, 2013, she asked co-defendant Owenby the name of the agent who took the charge against him, to which Owenby responded "Matt Thompson." The defendant admits that she repeated the agent's name and instructed another person to "write that down." The defendant further admits that she told Owenby that the agent who placed the charges against him "need[s] to be taken out."

f) The defendant admits that on or about February 22, 2013, co-defendant Owenby told her that "if something happens to him [Thompson]" Owenby might not be convicted

of the charges placed by Thompson. The defendant further admits that Owenby thereafter instructed her to "check on a few things about what we talked about," to which the defendant admits she responded "okay."

g) The defendant admits that on or about February 22, 2013, she told co-defendant Owenby that "Matt [Thompson] needs to realize that he has a family that could disappear at any time." The defendant further admits that she asked Owenby if S.A. Thompson lived in Newport, Tennessee. The defendant also admits that she told Owenby that she would have someone find out where S.A. Thompson lived.

h) The defendant further admits that on or about February 22, 2013, she told co-defendant Owenby "they're gonna give me one too [a life sentence] cause I'm gonna get it done...cause I ain't putting up with that shit."

i) The defendant admits that she knowingly threatened to engage in, or attempted to engage in, conduct which would cause bodily injury by making threats of bodily injury to TBI S.A. Thompson, with the intent to retaliate against Thompson due to Thompson's involvement as a witness against co-defendant Owenby in other federal charges then pending against Oweby in United States District Court for the Eastern District of Tennessee.

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

   a) the right to plead not guilty;
   b) the right to a speedy and public trial by jury;
   c) the right to assistance of counsel at trial;

Case 2:13-cr-00021-RLJ-MCLC   Document 18   Filed 04/12/13   Page 4 of 9   PageID #: 33

d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

e) the right to confront and cross-examine witnesses against the defendant;

f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

   a) The Court may impose any lawful terms of imprisonment, any lawful fines, and any lawful terms of supervised release up to the statutory maximums;

   b) The Court will impose special assessment fees as required by law; and

   c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty pleas. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

Page 5 of 9

Case 2:13-cr-00021-RLJ-MCLC   Document 18   Filed 04/12/13   Page 5 of 9   PageID #: 34

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offenses, including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amounts shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and

counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel.

In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. (a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses committed, the defendant agrees not to file a direct appeal of the defendant's convictions or sentence except the defendant retains the right to appeal a sentence imposed above the

sentencing guideline range determined by the district court or above any mandatory minimum sentence deemed applicable by the district court, whichever is greater.

(b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's convictions and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

11. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty pleas as agreed herein, moving to withdraw guilty pleas after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty pleas in this case.

12. The United States will file a Supplement in this case, as is routinely done in every case, even

Case 2:13-cr-00021-RLJ-MCLC   Document 18   Filed 04/12/13   Page 8 of 9   PageID #: 37

though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY

Date 4/11/13

By: M. Suzanne Kerney-Quillen
Assistant United States Attorney

Date 4-11-2013

Kathleen Laws Garrett
Defendant

Date April 11, 2013

William Louis Ricker
Attorney for the Defendant